UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY CHEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF MEDINA, et al.,<br><br>    Defendants. | Case No. C11-2119-TSZ<br><br>ORDER GRANTING KING COUNTY'S MOTION TO STAY RETURN OF SUBPOENA DUCES TECUM |

## I. INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court on the King County Sheriff's Motion to Stay the Return Date of the Subpoena Duces Tecum issued by the plaintiff Jeffrey Chen on September 10, 2012. Dkt. 64. Defendants City of Medina have filed a response in support of the Sheriff's motion. Dkt. 70. Plaintiff has filed a response opposing the Sheriff's motion, Dkt. 72, to which the defendants have replied, Dkt. 74. The undersigned has been designated by the Honorable Thomas S. Zilly to resolve any pretrial matters pending in this action. Dkt. 68. Based upon the Court's review of the Sheriff's motion, the parties' responses, the governing law, and the balance

Page 1 - ORDER

of the record, the Court ORDERS that the Sheriff's motion to stay the return date of the subpoena duces tecum, Dkt. 64, is GRANTED.

## II.   DISCUSSION

### A. Background

On September 10, 2012, plaintiff issued a subpoena duces tecum to the King County Sheriff to compel the production of certain public records in the Sheriff's possession. Dkt. 65, Ex. A. These records, however, were already the subject of a temporary restraining order ("TRO") issued by the King County Superior Court on August 2, 2012, as a result of a lawsuit arising out of a public disclosure request. *Id*., Ex. B. A hearing for a final determination of the disposition of the public disclosure request which resulted in the TRO is currently scheduled for October 26, 2012, in King County Superior Court. *See id.* at 2.

In the instant motion, the Sheriff asserts that he "has no interest in the disposition of these records and asserts no privilege to withhold them. Instead, the Sheriff wishes only to meet his obligations to the Superior Court arising out of its Order as well as his obligations to comply with the federal subpoena." *Id.* at 2. Defendants have threatened to move for contempt sanctions if the Sheriff violates the TRO and complies with the subpoena, and plaintiff has threatened to bring a similar motion for contempt if the Sheriff does not comply with the subpoena. *Id*., Exs. C-D.

The Sheriff seeks relief from this Court under Fed. R. of Civ. P. 45(c)(3), which allows a nonparty to move to quash or modify a subpoena if it would subject the person to "undue burden." The Sheriff asserts that the parties actions in this case to date "have created such an undue burden on the Sheriff. Instead of cooperating on a process for resolution of the release of these records, the parties have contemporaneously threatened to seek a contempt order against

Page 2 - ORDER

the Sheriff if he either complies or fails to comply with the subpoena." Dkt. 64 at 4-5. The Sheriff "requests that the Court stay the return date for the September 10th subpoena pending further order of the Court." *Id*. at 5.

Plaintiff opposes the Sheriff's motion on the grounds that the public records at issue are not privileged, and the state court TRO "is a different legal standard than discovery and the legal standard being applied in state court does not apply in this matter. The Defendants' arguments regarding the TRO are not relevant to this case." Dkt. 72 at 12. Defendants contend that the Sheriff's motion to stay enforcement of the subpoena should be granted because compliance with the subpoena would be unduly burdensome on King County, and principles of comity and respect for the effect of preexisting judicial orders also compel quashing of this subpoena. Dkt. 70 at 1-10.

B. <u>Legal Standard</u>

Fed. R. of Civ. P. 45 provides that a subpoena may be quashed or modified where it "subjects a person to undue burden." Fed. R. of Civ. P. 45(c)(3)(A)(iv). In cases where a subpoena would subject a nonparty to contempt sanctions for disclosure of the requested documents under a state court protective order or injunction, federal courts have held that this creates an "undue burden" on the third party. *See e.g., Tubar v. Clift*, 2006 WL 521683 (W.D. Wash. March 2, 2006) (holding that to the extent that a federal subpoena will require the nonparty to disclose information released under a state-court protective order, the subpoena must be quashed pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv) because "compliance with Plaintiff's Subpoena would subject [the nonparty] to the undue burden of violating a state-court protective order."). *See also Donovan v. Lewnowski*, 221 F.R.D. 587, 588 (S.D. Fla. 2004) (same).

Page 3 - ORDER

Moreover, federal courts have found that principles of comity require federal courts to quash subpoenas for records protected against disclosure by prior state court orders. *See id.* (providing that "principles of comity, courtesy, and where a federal court is asked to take such action with regard to a previously issued state court protective order, federalism," require a subsequent federal court to await a ruling by the state court that issued the prior order). *See also Flavorland Indus., Inc. v. United States*, 591 F.2d 524, 525 (9th Cir. 1979) (holding that the Court "has no desire to issue an order which would have the effect of contravening any purpose of [the state court judge] in preserving the orderly process of private litigation involving [the parties] which is pending before him," and directing the nonparty to intervene and petition the state court judge for a modification of his protective order so that the judge may indicate whether it was his intention to shield the material at issue from the federal subpoena).

C. <u>Fed. R. of Civ. P. 45 and Principles of Comity Require the Stay to be Granted</u>

The Court finds the arguments of the Sheriff and defendants persuasive. It is undisputed that the TRO issued by King County Superior Court Commissioner Carlos Velategui on March 19, 2012, and subsequently transferred to Judge Palmer Robinson, specifically prohibits the disclosure of the documents sought by plaintiff's subpoena in this case. Dkt. 65, Ex. B. Specifically, the TRO prohibited the Sheriff from producing any of the requested materials to "any member of the public." *Id*. As a result, to require the Sheriff to comply with the plaintiff's subpoena duces tecum would necessarily require him to violate the existing state court order, and potentially subject him to resulting sanctions for contempt.

As discussed above, Fed. R. Crim. P. 45 permits a court to quash a subpoena if the subpoena "subjects a person to undue burden." Fed. R. Crim. P. 45(c)(3)(A)(iv). Under the circumstances of this case, the Court finds that compliance with plaintiff's subpoena would

Page 4 - ORDER

subject the Sheriff to the undue burden of violating the state court TRO.  At this time, however, the Court declines to quash plaintiff's subpoena, as requested by defendants.

Instead, the Court finds that the stay requested by the Sheriff is the most appropriate remedy.  Specifically, in light of the fact that the King County Superior Court is scheduled to consider the TRO, and the possibility of a permanent injunction, in only a few weeks on October 26, 2012, the Court finds that the principles of comity dictate that this Court stay enforcement of the subpoena pending the ultimate outcome in state court.  Although the ruling of the King County Superior Court may not be dispositive of the ultimate issue of production, the Court declines to order the Sheriff to take action that would clearly violate the TRO until the state court has an opportunity to balance the competing interests and rule on the matter.

### III.   CONCLUSION

Accordingly, the Court ORDERS as follows:

(1) The King County Sheriff's Motion to Stay Return of Subpoena Duces Tecum, Dkt. 64, is GRANTED.

(2) The Clerk is directed to send copies of this Order to counsel for all parties, counsel for King County Sheriffy, and to Judge Zilly.

DATED this 5th day of October, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

Page 5 - ORDER