UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY CHEN, | |
| Plaintiff, | |
| v. | C11-2119 TSZ |
| CITY OF MEDINA, et al., | ORDER |
| Defendants. | |

THIS MATTER comes before the Court on the motion for summary judgment, docket no. 157, filed by individual defendants Donna Hanson and Bret Jordan. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

In June 2001, plaintiff Jeffrey Chen began working for the City of Medina Police Department at the rank of captain, pursuant to an employment contract with a three-year term. <u>See</u> Ex. 5 to Chen Decl. (docket no. 191-5). In February 2004, plaintiff became chief of police. Chen Decl. at ¶ 2 (docket no. 191). On December 17, 2010, plaintiff tendered a hand-written resignation, which he subsequently sought to rescind. <u>See id.</u> at

ORDER - 1

¶¶ 90, 93, 111.  The events leading up to plaintiff's resignation are in dispute.  In April 2011, after an independent investigation and a hearing before defendant City Manager Donna Hanson, plaintiff was discharged.  See id. at ¶¶ 137, 141, 150.

The City of Medina ("Medina") operates under a council-manager form of government.  Jordan Decl. at ¶ 2 (docket no. 107).  The council is comprised of seven (7) at-large members, one of whom is selected to serve as mayor for a two-year term.  Id.  Defendant Bret Jordan served as mayor for the two-year period ending December 31, 2011.  Id.  He was not mayor when plaintiff was appointed chief of police.

The chief of police is appointed by and is under the "general supervision and control" of the city manager.  Medina Mun. Code § 2.16.030; see also RCW 35A.13.080 (enumerating as one of the "powers and duties" of the city manager to "appoint and remove at any time all department heads, officers, and employees of the code city").  During his tenure as chief of police, plaintiff had no written or formal employment contract, a situation he contends resulted from discrimination on the basis of race or national origin.

Plaintiff asserts that, prior to becoming mayor, defendant Jordan commented to plaintiff, "I thought Asians had small ones; how did you have four kids?"  Chen Decl. at ¶ 42 (docket no. 191).  Plaintiff also accuses defendant Jordan of saying, after receiving a knife as a gift from plaintiff, "I know how to use one of these.  I'm a skinner not a gutter."  Id. at ¶ 43.  Finally, plaintiff indicates that defendant Jordan disclosed to him that members of defendant Jordan's family are racist.  Id. at ¶ 44.  Plaintiff, however,

ORDER - 2

makes no allegation that defendant Jordan participated in any way in his appointment as chief of police or in the decision to terminate him.

**Discussion**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 257 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Beard v. Banks</u>, 548 U.S. 521, 529 (2006) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)).

In response to the individual defendants' motion for summary judgment, plaintiff has clarified that the only claims he asserts against defendant Bret Jordan are (i) violation of 42 U.S.C. § 1985(3); (ii) violation of 42 U.S.C. § 1986; (iii) conspiracy to unlawfully retaliate in violation of the First Amendment; and (iv) violation of 42 U.S.C. § 1981. <u>See</u> Response at 6 (docket no. 175). With respect to each of these claims, plaintiff has not proffered affirmative evidence as to essential elements on which he will bear the burden of proof at trial.

/ / /

/ / /

ORDER - 3

A.  **Conspiracy**

To succeed on his action under 42 U.S.C. § 1985(3), plaintiff must prove (i) a conspiracy, (ii) for the purpose of depriving plaintiff of the equal protection of the laws or of equal privileges and immunities under the laws, (iii) an act in furtherance of the conspiracy, and (iv) an injury to plaintiff's person or property or a deprivation of any right or privilege of a citizen of the United States.  *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992); *see also* 42 U.S.C. § 1985(3).  To establish a conspiracy, plaintiff must show "an agreement or 'meeting of the minds'" to accomplish the illicit purpose.  *Ward v. E.E.O.C.*, 719 F.2d 311, 314 (9th Cir. 1983); *Morgan v. Rosado*, 116 Fed. Appx. 921, 922 (9th Cir. 2004).  Although a conspiracy may be inferred from conduct and need not be proved by evidence of an express agreement, plaintiff must at least point to facts probative of a conspiracy to survive a motion for summary judgment.  *See Ward*, 719 F.2d at 314.

Here, plaintiff makes three unsupported assertions against defendant Jordan.  First, plaintiff contends that, despite Medina city council members' wishes, no employment contract was drafted for plaintiff "because Bret Jordan changed his mind and wouldn't push for the drafting to be accomplished."  Whitney Decl. at ¶ 22 (docket no. 177).  This statement, which constitutes mere speculation and is not "affirmative" or admissible evidence for purposes of Rule 56, does not establish that defendant Jordan conspired with defendant Hanson or others to deprive plaintiff of the equal protection of the laws or of equal privileges and immunities under the laws.  At most, this declaration indicates that defendant Jordan reached a different decision than his fellow council members, which he

ORDER - 4

1  was certainly permitted to do, and that, as a result, he did not further pursue obtaining an

2  employment contract for plaintiff.

3        Second, plaintiff asserts that defendant Jordan met with defendant Hanson shortly

4  before plaintiff tendered his resignation and then later "shredded all [defendant Hanson's]

5  negative personnel evaluations." Response at 12 (docket no. 175). For support, plaintiff

6  cites defendant Jordan's deposition testimony, in which defendant Jordan explains that he

7  destroyed the evaluations after defendant Hanson's performance review had concluded

8  because the council had no appropriate place to store them and he did not want to risk

9  that they would be exposed to loss or disclosure in his home. Jordan Dep. at 71:1-12,

10  72:3-10, Ex. D to Jones Decl. (docket no. 176-4). This evidence is not probative of a

11  conspiracy. Even if defendant Hanson's evaluations were negative, a fact which is not

12  supported by defendant Jordan's deposition testimony, their destruction occurred after the

13  review had been completed and communicated to defendant Hanson. Destroying the

14  documents did not alter the tenor of the already conducted evaluation. Thus, no inference

15  of any conspiratorial agreement between defendants Jordan and Hanson can be drawn

16  from the shredding.

17        Finally, plaintiff alleges that, during the week following plaintiff's resignation,

18  defendant Jordan "denied other council members' requests to hold an executive session"

19  to discuss it. Response at 12. For support, plaintiff cites to a declaration that was never

20  filed. Plaintiff's counsel was advised of the filing error by Minute Order entered

21  January 2, 2013, docket no. 202. Plaintiff's counsel was also reminded of her obligation

22  to provide a courtesy copy of the declaration, *id.*, but she has failed to timely do so. Even

23

ORDER - 5

if, however, the declaration had been submitted and supported the proposition stated in the response, it would not suffice to avoid summary judgment.  At most, plaintiff claims that defendant Jordan refused to convene an executive session to discuss a personnel matter over which defendant Hanson, as city manager, had authority.  Such assertion does not evidence a conspiracy.  Moreover, sometime after plaintiff attempted to rescind his resignation, defendant Jordan did arrange for executive sessions, which were held on February 2 and 10, 2011.  See Exs. XX & YY to Holt Decl. (docket no. 158-5).

Plaintiff analogizes his case to Gilbrook v. Westminster, 177 F.3d 839 (9th Cir. 1999).  Gilbrook, however, is distinguishable.  In Gilbrook, the Ninth Circuit explained that, to be liable, each conspirator "need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy."  Id. at 856.  In Gilbrook, each defendant "participated in the events surrounding the adverse employment actions taken against plaintiffs."  Id. at 857.  One of the defendants, John Demonaco, spearheaded the investigation, kept other defendants informed via closed-door city council meetings, and issued the accusatory notices of discharge.  Another defendant served as the disciplinary hearings officer and, despite knowing he would be adjudicating the matter, attended the closed-door council meetings.  That defendant also met with Demonaco after the hearings and ultimately adopted Demonaco's recommendations of discharge.  Three other defendants made hostile statements about the plaintiffs, including threats of political retribution and accusations of criminal conduct, and participated in the closed-door council meetings.  A sixth defendant also made disparaging comments about

ORDER - 6

the plaintiffs and played an active role in the investigation and termination of the plaintiffs.

In contrast, here, plaintiff provides no evidence that defendant Jordan participated in the events leading to plaintiff's resignation in December 2010 or termination in April 2011. Unlike in *Gilbrook*, in this case, plaintiff offers no evidence of explicit threats or statements by anyone indicating an intent to arrange for plaintiff's discharge. *Compare Gilbrook*, 177 F.3d at 848 (one of the defendants told two of the plaintiffs, "If you make [the staffing of fire stations] a political issue in my upcoming election, I'll have your ass."). At most, plaintiff alleges that defendant Jordan made one racist remark before becoming mayor, another statement of questionable taste, and one negative disclosure about his family. None of these statements are of the type from which a reasonable juror could infer that defendant Jordan shared a "unity of purpose" with defendant Hanson or others.

The lack of evidence probative of a conspiracy renders both the § 1985(3) claim and the conspiracy to retaliate in violation of the First Amendment claim meritless as a matter of law.[1] This conclusion is true as to all defendants. Moreover, as acknowledged

---

[1] Although plaintiff's Second Amended Complaint pleads a cause of action for civil conspiracy under state law, plaintiff has not listed such claim among the ones he is alleging against defendant Jordan, and he has provided no discussion or analysis of such claim in his response to the individual defendants' motion for summary judgment. The Court interprets plaintiff's response as indicating that he no longer pursues a civil conspiracy claim under state law. To the extent, however, that plaintiff's omission of such claim from his response was inadvertent, such claim fails for the same reason that plaintiff's other conspiracy claims fall short. *See All Star Gas, Inc. v. Bechard*, 100 Wn. App. 732, 740, 998 P.2d 367 (2000) (to establish a prima facie case for common law conspiracy, a plaintiff must show that "(1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy"). Plaintiff's civil conspiracy claim is therefore DISMISSED with prejudice.

ORDER - 7

by plaintiff, absent a valid claim under § 1985, no cause of action can be asserted under § 1986.  See *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985).  The Court therefore GRANTS in part the individual defendants' motion for summary judgment and, as to the individual defendants, DISMISSES with prejudice plaintiff's claims pursuant to §§ 1985(3) and 1986 and plaintiff's claim of conspiracy to retaliate in violation of the First Amendment.

**B.    Section 1981**

The exact contours of plaintiff's § 1981 claim against defendant Jordan are not clear.  Plaintiff does not contend that defendant Jordan participated in the December 2010 meeting culminating in his resignation or that defendant Jordan played a role in the April 2011 decision to discharge him.  The only other adverse employment action alleged by plaintiff is his appointment as chief of police without an employment contract.  This event occurred before defendant Jordan was mayor.  Moreover, the discretion to offer or forego an employment contract appears to rest exclusively with the city manager, and defendant Jordan is not an appropriate defendant with respect to plaintiff's § 1981 claim.  Thus, the Court GRANTS in part the individual defendants' motion for summary judgment and DISMISSES with prejudice plaintiff's § 1981 claim as to defendant Bret Jordan.

**Conclusion**

For the foregoing reasons, the individual defendants' motion for summary judgment, docket no. 157, is GRANTED in part and DEFERRED in part, as follows:

ORDER - 8

(1) All claims against defendant Bret Jordan are DISMISSED with prejudice;

(2) As to defendants Bret Jordan and Donna Hanson, plaintiff's claims under 42 U.S.C. §§ 1985(3) & 1986, plaintiff's state law claim of civil conspiracy, and plaintiff's claim of conspiracy to retaliate in violation of the First Amendment are DISMISSED with prejudice; and

(3) With regard to the remaining claims against defendant Donna Hanson, the motion is DEFERRED.

IT IS SO ORDERED.

Dated this 9th day of January, 2013.

                                                THOMAS S. ZILLY
                                                United States District Judge