1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5

6    JEFFREY CHEN,

7                          Plaintiff,

8               v.                                    C11-2119 TSZ

                                                      MINUTE ORDER
9    CITY OF MEDINA, et al.,

10                         Defendants.

11          The following Minute Order is made by direction of the Court, the Honorable
     Thomas S. Zilly, United States District Judge:

12

13          (1)    The deferred portions of plaintiff's motion for partial summary judgment,
     docket no. 168, are DENIED.  With respect to the defenses of "after-acquired evidence,"
     "unclean hands," and "good faith," the Court concludes that genuine issues of material
14   fact exist.

15          (2)    The deferred portions of defendants' motions for summary judgment,
     docket nos. 157 and 166, are GRANTED in part and DENIED in part, as follows:

16                 (a)    Plaintiff's claim of hostile work environment pursuant to 42 U.S.C.
            §§ 1981 & 2000e-2 and the Washington Law Against Discrimination, RCW 49.60,
17          is DISMISSED with prejudice.  The Court will issue a separate order explaining
            its reasoning, but clarifies here that its ruling is solely that the alleged statements
18          of defendant Donna Hanson and others are not, as a matter of law, sufficiently
            "severe" or "pervasive" to support a claim for hostile work environment.  Whether
19          such statements might be admissible at trial for other purposes will be addressed at
            a later date.
20

21                 (b)    The following claims are also DISMISSED with prejudice:  (i) for
            wrongful termination in breach of employment policy; (ii) under 42 U.S.C. § 1983
22          for violation of procedural due process; (iii) under 42 U.S.C. § 1983 for retaliation
            in violation of the First Amendment; (iv) for retaliatory discharge in violation of

23

MINUTE ORDER - 1

RCW 49.60.210(2); and (v) for discharge in violation of public policy.  The Court will issue an order explaining these rulings.

(c)     With respect to plaintiff's claim under 42 U.S.C. § 1983 for violation of substantive due process, the Court concludes that genuine issues of material fact exist, and defendants' motions for summary judgment are DENIED as to such claim.  The Ninth Circuit has held that "a plaintiff can make out a substantive due process claim if she is unable to pursue an occupation and this inability is caused by government actions that were arbitrary and lacking a rational basis."  _Engquist v. Ore. Dep't of Agric._, 478 F.3d 985, 997 (9th Cir. 2007), _aff'd on other grounds_, 553 U.S. 591 (2008).  Here, drawing all reasonable inferences in favor of plaintiff, as the non-moving party, the Court is persuaded that triable issues exist as to whether plaintiff would find obtaining another position as a police officer "virtually impossible," as required by _Engquist_, and whether defendants' reason for discharging plaintiff was racial animus, _i.e._, was arbitrary and lacking a rational basis.

(3)     In light of the Court's rulings, the following claims will proceed to trial against defendants Donna Hanson and City of Medina:  (a) disparate treatment based on race or national origin pursuant to (i) 42 U.S.C. § 1981, (ii) 42 U.S.C. § 1983 (equal protection), (iii) 42 U.S.C. § 2000e-2, and (iv) Washington Law Against Discrimination, RCW 49.60.030 & .180; and (b) violation of substantive due process brought under 42 U.S.C. § 1983.  With regard to the disparate treatment claim, the adverse employment actions at issue are:  (i) absence of a written employment contract; (ii) an allegedly forced resignation on December 17, 2010; and (iii) discharge on April 27, 2011.

(4)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 16th day of January, 2013.

William M. McCool
Clerk

s/Claudia Hawney
Deputy Clerk

MINUTE ORDER - 2