# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY CHEN,<br><br>                Plaintiff,<br><br>   v.<br><br>CITY OF MEDINA and DONNA HANSON,<br><br>                Defendants. | JUDGMENT IN A CIVIL CASE<br><br>CASE NO. C11-2119 TSZ |

  X  **Jury Verdict**. This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

  X  **Decision by Court**. This action came on for consideration before the court. The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT

The jury having awarded to plaintiff on his claim under the Washington Law Against Discrimination ("WLAD"), back pay in the amount of $285,480, front pay in the amount of $1,650,000, and damages for emotional harm in the amount of $100,000; the jury having awarded to plaintiff on his claims under 42 U.S.C. §§ 1981 & 1983, damages for emotional harm in the amount of $100,000, and punitive damages against defendant Donna Hanson in the amount of $25,000; the Court having awarded to plaintiff on his claims under 42 U.S.C. §§ 1981 & 1983, back pay in the amount of $237,944, and front pay in the amount of $270,900; and plaintiff having conceded that the jury's calculation of back pay on his WLAD claim is inconsistent with the evidence;

NOW therefore, JUDGMENT is hereby ENTERED in favor of plaintiff Jeffrey Chen and against defendants City of Medina and Donna Hanson, jointly and severally, as follows: back pay in the amount of $237,944, front pay in the amount of $1,650,000, and damages for emotional harm in the amount of $100,000, for a total of $1,987,944, together with costs to be taxed by the Clerk in the manner set forth in Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54(d), and interest at the rate set forth in 28 U.S.C. § 1961 from the date of judgment until paid in full.

Judgment is also entered in favor of plaintiff Jeffrey Chen and against defendant Donna Hanson in the amount of $25,000 as punitive damages, which amount shall bear interest at the rate set forth in 28 U.S.C. § 1961 from the date of judgment until paid in full, and which amount shall be in addition to the amounts of back pay, front pay, and damages for emotional harm set forth above.

 Dated this 9th day of April, 2013.

              <u>William M. McCool</u>
              Clerk

              <u>s/Claudia Hawney</u>
              Deputy Clerk