Hon. Thomas S. Zilly

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

JEFFREY CHEN, individually,

Plaintiff,

v.

CITY OF MEDINA, a public agency and Washington noncharter code city; DONNA HANSON, in her official and individual capacities,

Defendants.

Case No. 11-cv-02119-TSZ

PLAINTIFF'S REPLY IN SUPPORT OF TAX GROSS-UP

**NOTED ON MOTION CALENDAR:**

**Friday, June 7, 2013**

Plaintiff Jeffrey Chen hereby replies to Defendants' opposition to tax gross up.

**I.      The City is not immune from tax gross-up.**

The City is not immune from an attorneys' fees award and similarly is not immune from a tax gross-up award. (See argument *infra;* award of tax consequences are equivalent to attorneys' fees award). The City is also not immune from the Civil Rights Act and the WLAD and equitable consequences arising as a result of a violation. Defendants' immunity argument stretches too far and does not include tax consequences. *Sundberg v. Evans*, 78

PAGE 1- PLAINTIFF'S REPLY IN SUPPORT OF TAX GROSS-UP

Wn. App. 616, 622-23, 897 P.2d 1285, 1288 (1995) (discretionary acts of government employees are outside any governmental immunity for liability and acts or decisions that are not within the constitutional, statutory, or lawful authority and duty eliminate any immunity). Defendants simply failed to respond to the issues raised by plaintiff that the immunity does not apply to discriminatory acts of Hanson and the City.

**II.  *Blaney* and its progeny mandates a tax gross-up award to Chief Chen.**

Defendants admit: "In *Blaney*, the court analyzed the "any other appropriate remedy" clause under the WLAD. *Blaney v. International Association of Machinists and Aerospace Workers, District No. 160*, 151 Wn.2d 203, 214 (2004), *citing* RCW 49.60.030(2). In particular, the *Blaney* court analogized that provision to its Title VII counterpart, which permits courts to grant "any other equitable relief" that it deems "appropriate." *Id.*, *citing* 42 U.S.C. § 2000e-5(g)(1)). Addressing those two provisions, the court held:

> Because WLAD incorporates remedies authorized by the federal civil rights act and that statute has been interpreted to provide the equitable remedy of offsetting additional federal income tax consequences of damage awards, we hold that WLAD *allows* offsets for additional federal income tax consequences.

*Blaney*, 151 Wn.2d at 215-16 (*emphasis added*)." (*See* Dkt #363 at 4:1-9; footnote omitted.) Defendants further admit that it is within the Court's equitable discretion to grant this equitable relief. Yet, Defendants fail to provide any argument or evidence as to why, in equity, the Court should refrain from granting the relief. As with attorneys' fees and other relief under the Civil Rights Act and the WLAD, a plaintiff cannot bring these cases, and the discrimination goes unfettered, if the plaintiff is not put back into the position that he would have been in, at a minimum, economically. It is particularly so when the offending entity is a sole person in charge of a municipality or a municipality itself, with comparably vast resources over the plaintiff.

PAGE 2- PLAINTIFF'S REPLY IN SUPPORT OF TAX GROSS-UP

Defendants further failed to address or argue the "entitled" language in *Blaney* indicating that the relief for tax gross up is mandatory, not merely permissive. Notably, the *Blaney* court used mandatory language analyzing whether the victorious plaintiff now faced with a judgment resulting in higher tax consequences is "*entitled*" to such an award and concluding in the affirmative. *Blaney,* 151 Wn.2d at 212-16; *see also Chuong Van Pham v. City of Seattle, Seattle City Light*, 159 Wn.2d 527, 535, 151 P.3d 976, 980 (2007) (relying on *Blaney*). Mandatory language coincides with the purpose of the Civil Rights Act and the WLAD. Therefore, this court must award a tax "gross-up" to Chief Chen as part of the judgment on the state law claim.

### III. An award of tax consequences is not additur damages but is equivalent to attorneys' fees.

As raised in Chief Chen's supplemental brief, (Dkt. #373), an award of tax consequences is not an unconstitutional additur. Rather, such an award is equivalent to attorney fees. "An offset for tax consequences under WLAD is available to a party who prevails in a discrimination lawsuit and can only be considered after entry of judgment on the jury verdict and the trial court's award of attorneys' fees and costs." *Hirata v. Evergreen State Limited Partnership No. 5*, 124 Wn.App. 631, 641, 103 P.3d 812 (2004). Discrimination plaintiffs do not "have the right to seek an offset for adverse tax consequences resulting from the jury verdict and the attorneys' fee award until those judgments were entered." *Id.*at 641 *citing Blaney*, 151 Wn.2d at 217 (cited as recognizing that tax liability is incurred after, not during, litigation). "An offset for income tax consequences is an equitable remedy for a judge, not a jury." *Id.* at 642, *citing Blaney*, 151 Wn.2d at 216, (can offset for additional federal income tax consequences is an equitable remedy); *Auburn Mechanical, Inc. v. Lydig*

PAGE 3- PLAINTIFF'S REPLY IN SUPPORT OF TAX GROSS-UP

*Construction, Inc.*, 89 Wn. App. 893, 897, 951 P.2d 311 (1998) (right to jury trial applies to legal, not equitable, claims).

In *Hirata*, the state court considered whether to award tax consequences to successful plaintiffs, who brought claims under WLAD and Title VII, after awarding attorney fees and permitted such an award to be based on the affidavit of a certified public accountant laying out the tax consequences of the judgment and attorney fee award, additional discovery by defendant, and a hearing based on affidavits. *Hirata,* 124 Wn.App. at 636-37. According to *Hirata*, this procedure is "the exact same procedure as the plaintiff in *Blaney* in requesting an offset." *Id.* at 638. Chief Chen has properly followed this procedure. Moreover, he gave more notice to Defendants of his intent to seek such an award than that given to the defendant in *Hirata*. Chief Chen specifically pleaded for relief of tax consequences in his complaint, raised it again in his trial brief, and included it in the pre-trial order. (Dkt. # 27, 238, 244.)

Furthermore, as Defendants point out, the analysis of whether to award tax consequences is typically the same as whether to award pre-judgment interest. An award of pre-judgment interest is not an unconstitutional additur and is similarly, analogous to an award of attorney fees. Therefore, an award of tax consequences is not an unconstitutional additur to the *damages* but a constitutional supplemental award analogous to attorney fees and pre-judgment interest.

**IV.    Respond to what happened re bringing issue to jury (see cited docket).**

The Defendants submitted a pretrial statement and there were many issues to be determined by the parties and addressed by the court in the pretrial conference due to the disagreement of the parties. However, whether the award of tax consequences is a legal issue

PAGE 4- PLAINTIFF'S REPLY IN SUPPORT OF TAX GROSS-UP

for the court to decide or a jury issue was not specifically contested. In their amended pretrial statement, Defendants generally objected to all of Plaintiff's issues of law but not based upon the requirement that the issue go to the jury. (Jones Decl., Ex. A, p. 10). Moreover, the proposed pretrial order, jointly submitted, was not contested as to the tax consequences being an issue for the court to decide. (Jones Decl., Ex. B; *see also* court docket generally and trial transcript generally, which support that no objections on the record were made.) If Defendants even have a right to a jury trial on this issue, they waived their right to a jury trial by failing to assert the alleged right to a jury trial on this issue on the record at any time.

**V.     There is no compelling reason to exercise discretion.**

Defendants fail to state why the court should not exercise its discretion. However, the court should award tax gross up for many equitable reasons. Tax consequences are unavoidable in this instance. The tax rate just increased this year for 2013 by 4.5% on amounts over $425,000. (*See generally* Dkt. #335 and #374, ¶8). The tax consequences must be paid on the entire amount including costs and attorneys' fees. The judgment is intended to place the plaintiff back in the position that he should have been in but for the discrimination; however, he will pay the government over one-third of the judgment and not have it to put him back in the position that he should be in. This is not equitable. A victim of discrimination should be entirely returned to his position and that includes the defendants paying the tax consequences.

PAGE 5- PLAINTIFF'S REPLY IN SUPPORT OF TAX GROSS-UP

DATED this 23rd day of May, 2013.

JONES LAW GROUP, P.L.L.C.

/s/ Marianne K. Jones
MARIANNE K. JONES, WSBA #21034
Co-counsel for Plaintiff Jeffrey Chen

McPHEE LAW OFFICE

/s/ Mona K. McPhee
MONA K. McPHEE, WSBA #30305
Co-counsel for Plaintiff Jeffrey Chen

PAGE 6- PLAINTIFF'S REPLY IN SUPPORT OF TAX GROSS-UP

# CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2013, I caused to be served on counsel for Defendants via the Court's CM/ECF service the foregoing Plaintiff's Reply in Support of Tax Gross Up.

**SERVED PERSONS:**

Suzanne K. Michael
Matthew Macario
Stephanie R. Alexander
Michael & Alexander, attorneys for Defendants

Email: matthew@michaelandalexander.com
Suzanne@michaelandalexander.com
Stephanie@michaelandalexander.com

DATED this 23rd day of May, 2013.

/s/ Marianne K. Jones
MARIANNE K. JONES

PAGE 7- PLAINTIFF'S REPLY IN SUPPORT OF TAX GROSS-UP