UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY CHEN,

          Plaintiff,

v.

CITY OF MEDINA, et al.,

          Defendants.

C11-2119 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff's motion for recusal, docket no. 420. The standard applicable to plaintiff's motion is whether the undersigned judge's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or whether the undersigned judge "has a personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1). Ordinarily, judicial remarks that "are critical or disapproving of, or even hostile to, counsel, the parties, or their cases," do not provide a valid basis for seeking recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008) (Section 455 "is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial"); *see also Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005) ("the proper recourse for a dissatisfied litigant is appeal"). Recusal is required only when such remarks "reveal

ORDER - 1

an opinion that derives from an extrajudicial source" or demonstrate "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Although the Order dated August 23, 2013, docket no. 409, granting defendants' motion for a new trial, expressed disapproval of plaintiff's counsel's tactics, questioned plaintiff's credibility, and indicated doubt about the merits of plaintiff's claims, the Order was not based on "extrajudicial" information and did not exhibit the type of favoritism or antagonism that would mandate recusal of the undersigned judge. The Court has no personal bias or prejudice concerning any party, counsel, or claim in this case, and the Court is satisfied that its previous rulings in this matter would not lead a "reasonable observer" to conclude that the undersigned judge is incapable of making fair judgments. *See* *Hook v. McDade*, 89 F.3d 350, 356 (7th Cir. 1996).

The Court, however, has a strong belief that no party or attorney should be compelled to proceed to trial while subjectively believing that the Court is less than impartial. The general doctrine that, absent a legitimate reason to recuse, "a judge should participate in cases assigned," *Holland*, 519 F.3d at 912, does not apply to a senior judge, who may participate in as few or as many cases as desired, and may choose not to preside over certain types of, or specific, actions. *See* 28 U.S.C. § 294(b). Exercising broad discretion under § 294(b) to discontinue involvement in this case, the undersigned judge DIRECTS the Clerk to randomly reassign this case to another Judge in this District. Plaintiff's motion for recusal, docket no. 420, is STRICKEN as moot.

ORDER - 2

1    IT IS SO ORDERED.

2    Dated this 8th day of November, 2013.

                                            Thomas S. Zilly
                                            United States District Judge

ORDER - 3