THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY CHEN,

        Plaintiff,

   v.

CITY OF MEDINA, et al.,

        Defendant.

CASE NO. C11-2119-JCC

ORDER DENYING MOTION FOR A NEW TRIAL

This matter comes before the Court on Plaintiff Jeffrey Chen's motion for a new trial (Dkt. No. 532). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I. **BACKGROUND**

In 2013, a jury trial returned a verdict for Plaintiff Chen based on his claims that Defendants discriminated against him on the basis of race. Dkt. No. 345. On August 23, 2013, the Honorable Thomas Zilly, United States District Court Judge, granted Defendants' motion for a new trial. Dkt. No. 409. In so ordering, Judge Zilly indicated that the jury's verdict for the Plaintiff not only "completely surprised" him, but that it was the product of "passion and/or prejudice." *Id.* at 10.

The case was retried before this Court and the jury returned a verdict in favor of the

Defendants on August 21, 2014. Dkt. No. 527. Plaintiff now moves for the third trial to resolve discrimination claims which he filed in 2011. Dkt. No. 1.

## II. DISCUSSION

### A. Standard of Review

The Court is given considerable discretion under Fed. R. Civ. P. 59 to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). There are "many possible grounds" for a decision to grant a new trial. *Anglo-Am. Gen. Agents v. Jackson Nat. Life Ins. Co.*, 83 F.R.D. 41, 43 (N.D. Cal. 1979). However, the Court does not "lightly disturb a plausible jury verdict." *Id.* An error regarding the admissibility of evidence does not necessitate a new trial "[u]nless justice requires otherwise." Fed. R. Civ. P. 61. Courts should not grant new trials absent a "seriously erroneous result," or a "serious miscarriage of justice." *Webb v. Hyman*, 861 F. Supp. 1094, 1109 (D.D.C. 1994).

In reviewing a motion for a new trial, the Court begins with a presumption that the verdict is valid. *See Ragnar Benson, Inc. v. Kassab*, 325 F.2d 591, 594 (3rd Cir. 1063); *Bell v. Potter*, 234 F. Supp. 2d 91, 100 (D. Mass. 2002); *Eulo v. Deval Aerodynamics, Inc.*, 47 F.R.D. 35, 49 (D.C. Pa. 1969), *reversed in part on other grounds*, 430 F.2d 325.

### B. Issues in Discovery

Plaintiff's motion for a new trial is based primarily on the argument that the City of Medina committed discovery misconduct. Dkt. No. 532 pp. 7–11. Plaintiff argues that Defendant City of Medina withheld certain electronic discovery, which prevented him from presenting arguments at trial. Specifically, the absence of this discovery impeded Plaintiff's ability to "conclusively prove that he did not wipe his computer," to "call into question the testimony of" one of the City's witnesses, and to corroborate his version of certain events. *Id.* at 8–9. In essence, Plaintiff seeks a new trial because certain evidence that may have bolstered his credibility and undermined that of the City's witness was not discovered until mid-way through

his second trial. The absence of this evidence created neither a "seriously erroneous result" nor a "serious miscarriage of justice." *Webb*, 861 F. Supp. at 1109. The Court does not find this to be a legitimate basis to consider granting a new trial.

Moreover, the Court does not find discovery misconduct on the part of the City. Plaintiff argues that he learned "for the first time" of certain hard drives containing information from his work computer during the August 2014 trial. Dkt. No. 532, p. 3. The Court adopts Defendants' reasoning with regard to these arguments. The parties' own discovery agreement states that they were "not aware of any issues related to the discovery of electronically stored information ("ESI") at this time." Dkt. No. 16, p. 3. Furthermore, Plaintiff had actual knowledge of the hard drives in question well before trial. Dkt. No. 538, Exs. A–D. Plaintiff may not be granted a new trial based on his own failure to specifically request these discovery materials.

### C. Plaintiff's Testimony About Prior Employment

Plaintiff argues that the Court erred when it admitted evidence on the subject of Plaintiff's prior employment with SPD. Briefly, this argument is meritless. No error was committed in allowing this evidence because Plaintiff plainly opened the door to such questioning by testifying about his "great standing" in "the law enforcement community." Dkt. No. 538, Ex. G. Furthermore, the Court clearly indicated that the door was being opened, rendering a successful motion *in limine* ineffective, when Plaintiff testified. *Id.*

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a new trial (Dkt. No. 532) is DENIED. Plaintiff is further ordered to instruct his computer forensics expert, Daniel Gallivan, to return all hard drives and the thumb drive to counsel for Defendant City of Medina. The hard drives and thumb drive shall be returned to counsel for the City within five (5) days of this Order.

//

//

ORDER DENYING MOTION FOR A NEW TRIAL
PAGE - 3

//

DATED this 12th day of November 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR A NEW TRIAL
PAGE - 4